first case that we will now hear is Negrito. And Mr. Negrito, my understanding is that you have reserved some time for rebuttal. And so please proceed. Well, before that, I did make a request for extra time for 30 minutes. But if you could give me 10, which would give me what, 8? 8 and 2? Okay, we will give you 8 and 2. Please proceed. Okay, so my name is Negrito Paul Noel, plaintiff appellant in my proper person. I am the beneficiary of the public trust. We do not use a public highway for profit at this time. And I did not use the highway for profit at the time of the stop. I am asking for the de novo review. And I want the district court to be given a couple of instructions. To first, to treat this case as it did in Powell v. Bucci. She was allowed to continue her lawsuit. So this suit should go forward too. There's a clear evidence on record of personal injury, false arrest, prolong of the stop in violation of the law held in Rodriguez v. U.S. case. So the resulting of this misconduct by the defendant is clear and it should see a courtroom or a discovery. I felt I was going to die that night. So this matter needs to be resolved and a dismissal of my complaint in the form of a summary judgment is insufficient to settle this matter. I do not want what happened to me to ever happen to anyone else. I believe that we are dying in the streets with police knees on our necks. And we deserve better from public officers who are in paid servitude to us. Since there has been no refute of my claims, the discovery stage is the most likely next step to take. To go back to the decision, and so my next point instruction I would like this court to give is for the district court to go back to the decision that it made in ECF3, which pushed through the Fourth Amendment on reasonable seizure, defeating Rule 12b-6 instantly. There the court found, the court got it right and it looked at the well-pledged complaint. It respected my view that I would like, I wanted a trial and totally ignored the determination from the Rochester Traffic Violation Agency. Just as the Rochester City Court did in People v. Reynolds 2000, where all the traffic violations, the alleged traffic violations were dismissed because it was a pretext stop. Go ahead. I'm sorry. Can I just ask just a couple of questions to help clarify a bit? I'm not losing any time, correct? This is part of the… My eight minutes. Okay. This is part of your eight minutes. You have two minutes that are uninterrupted and you actually were given more than that. And now there's questioning. It's part of your eight minutes. I'm so sorry. Thank you, sir. After, and correct me if I'm misunderstanding something, after you filed your reply brief, the Monroe County Court ruled that the TVA had jurisdiction to adjudicate your tickets. And that the county court held that the source of the TVA's jurisdiction was not New York Vehicle and Traffic Law Section 225, as you say, but rather New York State General Municipal Law Section 371 2B. And that section says the Rochester Traffic Agency, Violations Agency, may be authorized to assist the Rochester City Court in the disposition and administration of infractions of traffic laws, ordinances, rules, and regulations. And so the question is, why shouldn't we follow the Monroe County Court's ruling on this issue? Okay, so the Monroe County Court got it wrong. The General Municipal Law did give the Rochester Traffic Violation Agency the right to exist. But it gave it General Municipal Law 380, which says that you cannot have any organization for adjudication. And it gave them a population limit. So the population of Rochester is less than 200,000 probably. The population requirement is 300,000 to 350,000. So therefore, yes, they are allowed to exist, but the population is too small, so they cannot adjudicate any cases. And the traffic violation, which is I'm dealing with traffic right now, 2225 is very clear. It makes it clear. It even gives you a higher. It says in any city in New York State, the population has to be 1 million before any case can be heard or determined. So therefore, they don't have jurisdiction because of a population requirement. They failed. So I think when you read their decision, they did not address that issue. They just said that the source of the jurisdiction was 371. But they did not address that it was restricted or taken away by Municipal Law 380, and worse so by the Vehicle and Traffic Law 225. Thank you. There's one minute left. Judge Walker or Judge Wesley, do you have any questions? No questions. Please continue with your one minute. Okay. One minute. Okay. I just got one minute. You'll have time for rebuttal as well. I understand. Okay. So I was going to go into the problem that we're having. Let me just summarize the problem. The problem is cops are stopping users of personal use vehicles and private vehicles, and they're stopping them for motor vehicle traffic violations. And the law clearly says, Vehicle and Traffic Law 501-A. For B, it says that motor vehicles are not personal use vehicles. So the problem starts with the cops. They're violating the consolidated laws of New York's VTL code and stopping vehicles using a broad brush and considering every vehicle to be a motor vehicle. It's not, because the motor vehicle is defined in Vehicle Traffic Law 509-P as commercial. The word traffic means trade or commerce. And then the personal use vehicles or private vehicles is described in Vehicle and Traffic Law 501-A7 and 8, which says it's for non-business, non-commercial, for pleasure. So therefore, there's a mix up there, and then they're mixing up for hire vehicles and other than for hire vehicles. So when I registered my vehicle, it was legally registered, insured, inspected, and I had a driver's license at the time. So what they did was I designated my vehicle to be other than for hire vehicle off the bat, not as for hire vehicle. So they asked me, do I want this vehicle for personal use? I said yes, and that was the case. If I said no, my vehicle would be a passenger vehicle, which is a motor vehicle. So the officer, from the stop, he was violating constitutional established law, and that's where the problem is. So therefore, I need this court to make a clear distinction and let them follow the law, follow the consolidated laws of BTL code. Thank you. Okay. You'll have time in rebuttal. We'll now hear from your adversary. May it please the court, this is Beasley Kiernan from the New York Attorney General's Office. The district court here correctly dismissed plaintiff's complaint. Plaintiff's false arrest claim fails because his traffic convictions, which were affirmed on appeal, provide conclusive evidence of probable cause. Plaintiff was found guilty of not wearing his seatbelt and of operating a vehicle without a proper license and in violation of the restrictions on his license. As we noted in our 228J letters, these convictions were affirmed first by the county court and then by the New York Court of Appeals, which recently denied plaintiff's motion to appeal. So under longstanding circuit precedent, going back to Cameron v. Bogarty, plaintiff is precluded from bringing a false arrest claim under Section 1983. And plaintiff's claim that the traffic stop lasted longer than necessary also fails because plaintiff does not allege any specific conduct on the part of the trooper that both was unrelated to the purpose of the stop and measurably extended the duration of the stop. To respond briefly to plaintiff's argument about jurisdiction, as Your Honor noted, the RTVA has authority under general municipal law Section 371 to adjudicate traffic infractions. And the New York Court of Appeals addressed this adjudicatory structure in a case called Dolce v. Nassau County Traffic and Parking Violations Agency from 2006. And there the court held that an agency like the RTVA acts as an arm of the local court and is properly authorized to hear minor traffic infractions. The court therefore should affirm the lower court's dismissal. I have a question. You know, at the pleading stage, why shouldn't we credit the plaintiff's allegations that he was wearing the seat belt when the officer spotted him and that he unbuckled the seat belt after he was pulled over? Why shouldn't we accept the plaintiff's allegations as true at the pleading stage? You should accept that as true, but that doesn't change the fact that he was convicted of not wearing a seat belt. And that's exactly the kind of issue that would have been adjudicated in the state court proceeding. And there were two other convictions, first for operating a vehicle without a proper license and also for operating a vehicle in violation of the restrictions on his license. And plaintiff has no defense to those convictions. So they also provide conclusive evidence of probable cause for the arrest. Judge Walker, Judge Wesley? I have no questions. If there's been no probable cause to arrest him for the seat belt, then the later violations which the officer discovers after he runs his license, which was a conditional license arising from a driving while intoxicated or driving while impaired. I mean, I don't see how the convictions on the restricted youth license somehow provide probable cause for a stop today. My understanding of the law is that any conviction... Let me make it simpler for you. Why did you stop him? Trooper Bonagurio stopped him because he observed plaintiff with his seat buckle up by his left shoulder. So if the stop is no good, the rest of the arrest is no good, right? That's a suppression theory that plaintiff could have put forth in his state court proceeding. That's correct. He could have, but he did not, right? I believe he did argue suppression in the state court proceeding. All right. Fair enough. Thank you. Thank you, Your Honor. Let me ask one question then, just so I'm very clear. The seat belt buckle would, of course, be... If he was wearing a seat belt, it would be down low and it would be punched into the receptacle that receives it, right? So he saw the seat belt buckle... The officer said he saw the seat belt buckle up high next to the door. Is that right? Therefore, the seat belt was, from his perspective, the seat belt was not being worn. That's right. As if the buckle was over the shoulder, but not all the way buckled in. Yeah. Oh, I see. Okay. Thank you. Mr. Negrito, you'll have two minutes for rebuttal.  Okay. Regarding the license, it claims that I didn't have a license. We can tell that... Well, you didn't have a conditional use license. You'd had a prior conviction and you're restricted on the use of your license because of your prior conviction, right? No, no. I didn't have a conviction for that. They dismissed my... They suspended... They restricted my license for another issue. Let me ask you this. Did you have a restricted use license? I had a restricted motor vehicle, so therefore I could not operate a motor vehicle. So because your motor vehicle... You're trying to draw a distinction between your personal use license and a commercial vehicle. Is that it? Very good. So that's what it is.  So you're saying that with your conditional use license, you're prohibited from driving a commercial vehicle, but you could drive your own vehicle any place at any time you wanted to. Is that right? No. I'm saying that I'm restricted from driving because driving, the word driving means commerce. So I cannot use it to make money. If you're wrong about that, do you lose? I'm not wrong. Well, no. If you're wrong on the law, if we go and we look at the law and we conclude you're wrong, do you lose? Of course. Yes. Because you're following the law. And what I did was I followed the law. So the law, when you read the language of the motor vehicle traffic laws that I was accused of, it specifically says motor vehicle. It does not mention personal use vehicle. So I registered my vehicle as a personal use vehicle. So therefore, I hate to say it, but any law, which there were three cases, right? If they mention motor vehicle and they do not mention personal use vehicle, then I'm excluded. So even if I did not have, I had on my seatbelt, but even if I did not have it, it's not justified to stop me thinking that my vehicle is a motor vehicle. In New York State, motor vehicles are very specific. There's numbers on the vehicles. There's codes. It's very distinct. So therefore, it's not my problem that the officer either mixed it up or deliberately blanket and stopping all vehicles as motor vehicles. All right. So the second part. You'll have one minute left. One minute. Oh, my goodness. Okay. So there was a prolong of the stop because the stop took an hour and a half, detailed in my brief. And he was looking for a crime. He said that I was drunk or something, but there's no evidence of that. And he did not have any evidence before or after. Regarding the case in New York State court, it's on the desk right now because I wrote to the chief judge, Deferio. And I told her that the case cannot, I want the case to be reheard, but the case cannot be heard, reheard because of the restrictions in 225, vehicle and traffic law 225 and 380. Okay. Now, the wearing rule. I'd like to talk about that. The wearing rule is very clear. That's why the officer, the trooper violated the law, because it says specifically an officer can stop you if he has a reasonable cause to believe a traffic violation has occurred. I was not in traffic. I don't have a motor vehicle. I have a personal use vehicle that is registered as a personal use vehicle. So therefore, it's impossible for me to have a traffic violation. So therefore, he was violating the wearing rule right away. Oh, thank you, sir. And the last point I would like to make is that even if all of these cases went sour, Powell versus Bocci, that's the case. It doesn't even matter what the lower court says. Lower court cases are nullity, but it wouldn't matter what the lower case says. It has nothing to do with the constitutional violation which occurred, which is a different branch. And you agree it's a different thing altogether. And yes, they are mounted from the same case. However... Thank you. Thank you. We have your argument. Thank you for presenting your argument. And the court will reserve decision. Thank you, sir. Thank you.